## No. 3909

### First Circuit

---

## NEW ORLEANS & GREAT NORTHERN R. R. COMPANY v. LAWRENCE COUSIN

---

(June 26, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 113, 115.**

Act 120 of 1890 as amended by Act 172 of 1916 requires that notices given by a railroad company to consignee that a car shipped to him was held for demurrage charges unless he paid the freight and received the shipment must be sent by registered mail.

2. **Louisiana Digest—Carriers of Passengers and Goods—Par. 113, 115.**

If the railway company sells a consignment for the demurrage charges and freight but cannot prove the registered notice to consignee as required by Act 120 of 1890 as amended by Act 172 of 1916 the railway company will be liable for the damages sustained by the illegal sale and cannot recover for the demurrage charges.

Appeal from the Twenty-sixth Judicial District, Parish of St. Tammany, Hon. P. B. Carter, Judge.

Action by New Orleans & Great Northern Railroad Company against Lawrence Cousin. There was judgment for defendant and on defendant's reconventional demand. Plaintiff appealed.

Judgment for defendant reduced and affirmed.

Miller and Miller, of Covington, attorneys for plaintiff, appellant.

Middleton Kenner, of New Orleans, attorney for defendant, appellant.

ELLIOTT, J.    Action to recover charges for freight carriage and demurrage.

New Orleans & Great Northern Railroad Company claims as charges for the carriage of a car of oak wood $27.19, shipped by Lawrence Cousin from Bayou Lacombe to New Orleans over the plaintiff railroad and $228.00 on account of demurrage.

The petition alleges that the car was refused by the consignee, the defendant duly notified that it was held for demurrage and to call and pay the freight, etc. That defendant did not come and the wood was sold as the law provides in such matters and the proceeds applied to the freight, etc., after which there remains due $226.18 and for which the plaintiff claims judgment.

Defendant for answer admits that he received a telegram from the plaintiff, informing him that the consignee had declined to receive the shipment. He alleges that he went without delay to New Orleans and called at plaintiff's freight office in order to pay the freight and get the wood, but that plaintiff's clerks and representatives could not locate the car of wood nor deliver it to him. They pointed out a car which they said was the one in which defendant's wood had been shipped but it was empty. He denies receiving notices, other than the telegram to which he responded; alleges that plaintiff had no right to sell the wood; that he owed nothing for demurrage. He claims that the wood was worth $120.00 and claims judgment for its value against the plaintiff.

The district judge rejected plaintiff's demand against the defendant and rendered judgment in favor of the defendant and against the plaintiff for $120.00 less the charges for transportation. The plaintiff appealed.

There is no dispute about the shipment, nor the receipt of the telegram notifying defendant that the consignee had declined to receive the car. It appears that defendant was physically unable to attend court and it was admitted that if he was present that he would testify that forthwith after the receipt of the telegram notifying him that the consignee had declined to accept the car, that he went to plaintiff's freight office in New Orleans for the purpose of paying the freight and obtaining and disposing of the wood, but that plaintiff's agents could not locate the car nor find the wood. That he was willing and anxious to pay the freight and went there for the purpose of paying whatever might be due on the shipment.

It was further admitted that another witness if sworn in would testify that he went with defendant to the depot and heard him ask plaintiff's agents about the car, offer to pay the freight and that plaintiff's clerks, etc., could not find the car, etc.

The plaintiff contends that defendant was notified that the car was held for demurrage and to come and pay the charges and produced and offered in evidence a number of copies of letters from the files of its office, which purport to have been written the defendant to that effect, but it does not appear that any of these letters were registered as required by the law Act 120 of 1890 (amd 172 of 1916) and defendant does not admit that he received the notices, etc.  The notice required by law was not proved and in view of defendant's denial we can not hold that it was given and there is no evidence indicating that defendant did not call at plaintiff's freight office for the purpose of paying the freight and would have paid it; but that plaintiff's clerks and employees could not locate the car and de-

·liver the wood. As this was almost immediately following ·the arrival of the car in New Orleans there was no demurrage due, and the plaintiff had no right under the law to sell the wood.

We agree with the district judge in his reasons for judgment, but the transportation charges was $25.15 and same deducted from the value of the wood ($120.00) leaves but $94.81. The judgment appealed from rejecting plaintiff's demand against the defendant is affirmed. The judgment in favor of defendant in reconvention is reduced to $94.81 and as thus amended is affirmed.

The plaintiff and appellant to pay the cost in both courts.